UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 AUG -9 A 9: 39

LAURA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

WENDY DEAN,
An individual,

    Plaintiff,

vs.

CASE NO: 3:05cv758-C

LEE COUNTY and
THE LEE COUNTY COMMISSION,

    Defendants.
_____/

## COMPLAINT

Plaintiff, WENDY DEAN ("Plaintiff"), through undersigned counsel, hereby files this Complaint and sues LEE COUNTY and the LEE COUNTY COMMISSION, Defendants, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C §12101 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and 29 U.S.C. §701. et seq. ("REHABILITATION ACT") and allege:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title II of the Americans With Disabilities Act, 42 U.S.C. § 12101 et. seq., (hereinafter referred to as the "ADA") as well as §504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§701. et seq. ("the Rehabilitation Act"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 1343.

2.    Venue is proper in this Court, the Eastern Division of the Middle District of Alabama pursuant to 28 U.S.C. §1391(B) and Local Rules of the United States District Court for

the Middle District of Alabama.

3. Plaintiff, WENDY DEAN (hereinafter referred to as "DEAN") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. DEAN suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she requires a wheelchair for mobility. Prior to instituting the instant action, DEAN personally availed herself of LEE COUNTY's programs and services and visited the Defendants' facilities, including but not limited to, the T. K. Davis Justice Center, personally and was denied full, safe and equal access to the subject programs, services, facilities and properties of Defendants which are the subjects of this lawsuit due to their lack of accessibility and compliance with the ADA. DEAN continues to desire to avail herself of the programs and services of Defendants and continues to desire to visit the Defendants' facilities but continues to be denied full, safe and equal access due to the violations that continue to exist.

4. The Defendants, LEE COUNTY and THE LEE COUNTY COMMISSION (hereinafter referred to as "Defendants" or "LEE COUNTY") are a political subdivision of the State of Alabama and are public entities as defined by Title II of the ADA and are the operators, owners and/or lessees of the programs and services as well as the facilities, real properties and improvements which are the subjects of this action, included but not limited to the T. K. Davis Justice Center located at 2311 Gateway Drive, Opelika, Alabama (hereinafter referred to as the "COUNTY FACILITIES").

5. The Plaintiff has suffered direct and indirect injury as a result of the Defendants' actions or inactions described herein. The Plaintiff personally visited the COUNTY FACILITIES prior to the filing of this lawsuit and was unable to fully and safely do so due to the

Defendants' lack of compliance with the ADA and the Rehabilitation Act. Plaintiff continues to be discriminated against due to the Defendants' continued lack of compliance and the Plaintiff's specific continued desire to visit and avail herself of the programs, services and facilities of LEE COUNTY.

6. All events giving rise to this lawsuit occurred in the Middle District of Alabama.

**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 6 of this Complaint.

7. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq.

8. In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

9. "Public entity" is defined as "any state or local government" or "any department, agency.....of a state.....or local government." 42 U.S.C. § 12131(1)(A) and (B).

10. Title II of the ADA also requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others 28 C.F.R. §35.160(a).

11. Discrimination occurs when a person with a disability is "excluded" from participation in or [is] denied the benefits of the services, programs or activities of a public entity…" 42 U.S.C. § 12132.

12. The U.S. Department of Justice ("DOJ") has promulgated federal regulations to implement the ADA. In addition, the ADA Accessibility Guidelines ("ADAAG") establishes the

standards to which public entities must conform in order to comply with the ADA. The ADAAG (ADA Standards for Accessible Design, 28 C.F.R. Part 36, Appendix A) applies to the Defendants' facilities at issue in this matter, regardless of whether they are of new or old construction, since removal of these barriers described herein are readily achievable and not unduly burdensome within the meaning of the ADA. 42 U.S.C. §§ 12134(c) and 12204.

13. Title II of the ADA and 28 C.F.R. Section 35.105 required Defendants to have completed a Self-Evaluation by January 26, 1993 of its current services, policies, and practices, and the effects thereof, that do not comply with the ADA. Defendants were required to proceed to make the necessary modifications at the COUNTY FACILITIES. Defendants have not completed an adequate Self-Evaluation.

14. Title II of the ADA and 28 C.F.R. Section 35.105 required Defendants to develop a Transition Plan for their facilities by July 26, 1993 where structural changes in their existing facilities needed to be undertaken to achieve program accessibility for all persons with disabilities, including Plaintiff. Defendants failed to adequately develop a Transition Plan for the subject facilities.

15. Defendants' failure to adequately complete a Self-Evaluation for the COUNTY FACILITIES and failure to adequately develop a Transition Plan that fully meets the requirements of the ADA has denied, and continues to deny Plaintiff her rightful opportunity for equal access.

16. Defendants were required to have completed structural changes in its facilities over ten years ago, and, in any event, no later than January 26, 1995. Defendants have failed to complete the required structural changes to achieve equal program, service or activity access to the COUNTY FACILITIES.

17. As the head of a governmental and public entity charged with ensuring compliance with federal law, Defendants have known for at least eight years of their authority, duties and obligations under Title II of the ADA. Despite this knowledge, Defendants have arbitrarily and intentionally refused to adequately comply with the ADA's Self-Evaluation and Transition Plan requirements.

18. Defendants have known for at least eight years of their duties and obligations under Title II of the ADA to complete the necessary and required structural changes. Defendants have arbitrarily and intentionally refused to complete the necessary and required structural changes to the subject facilities by the January 26, 1995 date as mandated by federal law.

19. Defendants' failure to adequately meet all of its obligations including, *inter alia*, to complete a Self-Evaluation, to develop a Transition Plan for modification of existing facilities, and to have fully implemented all structural modifications, has denied, and continues to deny, Plaintiff full, safe and equal access to Defendants' programs, services and activities that are otherwise available to persons without disabilities at the subject facilities.

20. As the head of a governmental and public entity, and as a commission comprised of officials at the highest level of decision makers, Defendants have engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of her disability. Defendants directly participated in or acquiesced in the conduct or acts of omission described in this Complaint. Defendants' discrimination against Plaintiff solely on the basis of her disability has been, and continues to be, arbitrary, knowing and intentional.

21. Under Title II of the ADA, the programs and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial and administrative burden" to the entity. 28

C.F.R. §35.149-150. It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding of operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion" 28 C.F.R. §35.150(a)(3). Defendants cannot meet this burden.

22. Plaintiff was subjected to discrimination when she attempted to access the facilities and avail herself to the programs and services offered at and by Defendants. Plaintiff continues to desire to return and therefore continues to suffer discrimination by Defendants in the future as the violations and lack of equal and safe access to the programs, services and facilities at the subject facilities continue to exist.

23. Defendants have discriminated against Plaintiff by denying her full and equal enjoyment of benefits of a service, program or activity conducted by a public entity as prohibited by 42 U.S.C. §12101 et seq., and by failing to remove architectural barriers pursuant to 28 CFR §§35.150 and 35.151.

24. Defendants have discriminated, and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the subject facilities in derogation of Title II of the ADA, 42 U.S.C. § 12101 et. seq.

25. Defendants are in violation of 42 U.S.C. § 12101 et.seq. and 28 C.F.R. § 36.302 et. seq. and are discriminating against the Plaintiff due to the following violations, inter alia,:

**T. K. Davis Justice Center**

(i) The parking spaces designated accessible lack access aisles;

6

(ii) The parking spaces designated accessible lack raised signage;

(iii) There is no accessible path of travel to the Sheriffs Department weekends or after 5:00 p.m. on weekdays;

(iv) Compliant handrails are not provided at the two ramps leading to the main entrance of the building;

(v) The public toilet room lack accessible signage;

(vi) The toilet room entry doors have hardware that requires grabbing and twisting of the wrist to operate;

(vii) The public toilet rooms lack standard wheelchair accessible toilet stalls;

(viii) The accessible toilet stall currently provided in the public toilet rooms are too small to accommodate wheelchair users;

(ix) Pipes underneath the lavatory are exposed and pose a danger to wheelchair users;

(x) Mirrors in the toilet rooms are too high for wheelchair users;

(xi) Drinking fountains require a side approach rather than a forward approach and cups are not provided;

(xii) Ramps to the jury boxes and witness stands are not provided;

(xiii) Service counters throughout the facility are too high for wheelchair users;

26. There are other current violations of the ADA at the subject facilities which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

27. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

28. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject programs, services and

facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject programs, services and facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the programs, services and facilities owned, operated and administered by Defendants, are violative of the ADA;

    B.    That the Court enter an Order directing Defendants to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

    C.    That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF THE REHABILITATION ACT

Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 6 of this Complaint.

29. As more fully described above, Plaintiff is an individual with a disability.

30. Furthermore, the Plaintiff is an Alabama resident who does or would like to frequent the COUNTY FACILITIES that are currently inaccessible as described above and herein, and is otherwise qualified to use and enjoy the programs, services and benefits provided by Defendants in LEE COUNTY, including but not limited to the T. K. Davis Justice Center.

31.   Defendants' acts and omissions that result in unequal access to the programs, services, and activities provided by Defendants as alleged herein are in violation of 29 U.S.C. Section 794 et.seq., and the regulations promulgated thereunder, 34 C.F.R. pt. 104 et.seq. Defendants are the direct recipient of federal funds sufficient to invoke the coverage of Section 504, and are unlawfully discriminating against Plaintiff on the sole basis of Plaintiff's disability.

32.   Solely by reason of her disability, Plaintiff has been, and continues to be, excluded from participation in, denied the benefit of, and subjected to discrimination in her attempts to receive full, safe and equal access to the services offered by Defendants.

33.   Defendants are in violation of Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. §§701 et seq. and is discriminating against the Plaintiff due to the following violations, inter alia,:

**T. K. Davis Justice Center**

(i)   The parking spaces designated accessible lack access aisles;

(ii)   The parking spaces designated accessible lack raised signage;

(iii)   There is no accessible path of travel to the Sheriffs Department weekends or after 5:00 p.m. on weekdays;

(iv)   Compliant handrails are not provided at the two ramps leading to the main entrance of the building;

(v)   The public toilet room lack accessible signage;

(vi)   The toilet room entry doors have hardware that requires grabbing and twisting of the wrist to operate;

(vii)   The public toilet rooms lack standard wheelchair accessible toilet stalls;

(viii)   The accessible toilet stall currently provided in the public toilet rooms are too small to accommodate wheelchair users;

(ix)   Pipes underneath the lavatory are exposed and pose a danger to wheelchair users;

 (x) Mirrors in the toilet rooms are too high for wheelchair users;

 (xi) Drinking fountains require a side approach rather than a forward approach and cups are not provided;

 (xii) Ramps to the jury boxes and witness stands are not provided;

 (xiii) Service counters throughout the facility are too high for wheelchair users;

34. Upon information and belief, there are other current violations of the Rehabilitation Act at the facilities operated by LEE COUNTY, and only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

 A. That the Court declare that the properties which make up LEE COUNTY, owned and administered by Defendants, are violative of the Rehabilitation Act;

 B. That the Court enter an Order directing Defendants to alter the facilities of LEE COUNTY to make them accessible to and useable by individuals with disabilities to the full extent required by the Rehabilitation Act;

 C. That the Court enter an Order directing Defendants to evaluate and neutralize Defendants' policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

 D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

 E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 8th day of August, 2005.

              Respectfully submitted,

By: _____
Edward I. Zwilling, Esq.
Ala. Bar No. ASB-1564-L54E

**OF COUNSEL:**
Schwartz Zweben & Slingbaum, LLP
300 Office Park Drive, Suite 217
Birmingham, Alabama 35223
Telephone:     (205) 871-8089
Facsimile:     (205) 871-8091
Email:         ezwilling@szalaw.com

11