**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **WENDY DEAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.:  3:05-cv-758-WHA-CSC** |
| | ) |
| **LEE COUNTY and the LEE COUNTY** | ) |
| **COMMISSION,** | ) |
| | ) |
| **Defendants.** | ) |

**ANSWER**

COME NOW the Defendants Lee County and the Lee County Commission, and respond to the Complaint filed by Plaintiff in the above-styled cause and state as follows:

**JURISDICTION AND PARTIES**

1.      Denied.

2.      Admitted.

3.      Defendants are without sufficient information to admit or deny the allegations contained in this paragraph, and said allegations are therefore denied.

4.      Defendants admit that they are a political subdivision of the State of Alabama. Defendants deny the remaining allegations contained in this paragraph.

5.      Denied.

6.      Defendants are without sufficient information to admit or deny the allegations contained in this paragraph, and said allegations are therefore denied.

**COUNT I
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Defendants admit that the U.S. Department of Justice has promulgated federal regulations to implement the ADA.  Defendants further admit that the ADA Accessibility Guidelines establish the standards to which public entities must conform in order to comply with the ADA.  Defendants deny the remaining allegations contained in this paragraph.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

**COUNT II**
**VIOLATION OF THE REHABILITATION ACT**

29.    Defendants are without sufficient information to admit or deny the allegations contained in this paragraph, and said allegations are therefore denied.

30.    Defendants are without sufficient information to admit or deny the allegations contained in this paragraph, and said allegations are therefore denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

**AFFIRMATIVE DEFENSES**

1.    Defendants specifically plead lack of subject-matter jurisdiction and lack of personal jurisdiction.

2.    Plaintiff lacks the requisite standing to bring this action.

3.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

4.    Defendants aver that they are not guilty of the matters and things alleged in Plaintiff's Complaint and demand strict proof thereof.

5.    The programs Plaintiff complains of are not federally funded.

6.    The Plaintiff's claims are barred due to the Plaintiff's failure to exhaust all available state remedies.

7.    Plaintiff failed to serve timely and sufficient notice as required by state law.

8.    Plaintiff failed to exhaust administrative remedies and/or requirements, and any such efforts were/are untimely.

9.    Any claims against Defendants are barred by the Eleventh Amendment.

10.    Defendants affirmatively plead that they cannot be liable to Plaintiff because at all times relevant hereto, they acted within the scope of their discretionary authority whereby entitling them to discretionary immunity.

11.    Defendants specifically plead all other available doctrines of immunity, including qualified immunity, discretionary immunity, legislative immunity, and absolute immunity for the things done, or actions not taken, which relate to, arise out of, or control the circumstances given arise to the claims made the basis of the Plaintiff's Complaint.

12.    Plaintiff's claims are barred by the doctrines of waiver and estoppel.

13.    Defendants aver that the Plaintiff's claims for relief are barred by the doctrine of laches.

14.    Defendants specifically plead the expiration of the statute of limitations.

15.    The alleged actions or inactions of Defendants were not the sole result of Plaintiff's handicap.

16.    Defendants aver that compliance with the stated federal statutes as demanded by Plaintiff would be unreasonable and constitute an undue hardship.

17.    Accommodation of Plaintiff's requests would impose undue financial and/or administrative burdens on Defendants.

18.    Accommodation of Plaintiff's requests would require a fundamental alteration and nature of the facilities and programs complained of.  Further, such accommodations are not readily achievable.

19.    Defendants reserve the right to add additional defenses upon a complete investigation of Plaintiff's claims, completion of any discovery allowed, and if any further pleading is required or allowed by the Court.

Respectfully submitted on this the 13th day of September, 2005.

**s/Scott W. Gosnell**
KENDRICK E. WEBB, Bar Number:  WEB022
SCOTT W. GOSNELL, Bar Number:  GOS002

Attorneys for Defendants Lee County, Alabama,
and Lee County Commission
WEBB & ELEY, P.C.
7475 Halcyon Pointe Road
P.O. Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  sgosnell@webbeley.com

OF COUNSEL:

Stan Martin, Esq.
Attorney at Law
P.O. Box 1007
Opelika, AL 36803-1007
Telephone:  (334) 745-4142
Fax:  (334) 749-4131
E-mail:  smartinatty@charter.net

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of September, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which shall provide service to the following CM/ECF participant:  **Edward I. Zwilling, Esq.**

**s/Scott W. Gosnell**
OF COUNSEL