IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WENDY DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:05cv758-WHA |
| ) | |
| LEE COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER</u>**

This case is before the court on the Joint Motion to Amend Uniform Scheduling Order (Doc. #12), filed by the parties on January 27, 2006. This motion is a prime example of unnecessary use of time and effort by the court and attorneys caused by failure of attorneys to read and follow orders of the court.

On September 13, 2005, the court entered its Rule 26(f) Order (Doc. #8) stating that the case would be set for trial during one of two available civil trial terms, July 10, 2006 or December 4, 2006, and instructing that suggested deadlines should be made accordingly. The order, which is a standard order used by all judges in this district, also specified as follows:

> The longstanding practice in this district is that dispositive motions shall be filed no later than ninety days prior to the pretrial date. If the parties seek to vary from that schedule, they should present, in the plan, specific case-related reasons for the requested variance.

On September 26, 2005, the parties filed their Report of Parties Planning Meeting (Doc. #10), suggesting a July trial date and other deadlines. Either ignoring, or failing to read and follow, the clear instructions contained in the court's earlier order, counsel requested a deadline of April 28, 2006, twenty-seven (27) days, rather than ninety (90), prior to the date for holding

pretrial hearings for that term of court.  The plan did not include any specific case-related reasons for asking the court to vary from the standard practice in this district.

On September 27, 2005, the court entered its Uniform Scheduling Order (Doc. #11), containing Section 2, which is the standard language used in scheduling orders by all judges in this district, setting the deadline for dispositive motions at no later than 90 days prior to the pretrial hearing, just as counsel had been advised by previous order.  The Uniform Scheduling Order also contained Section 15, which provided:

> If any party has an objection to these deadlines, the parties should inform the court within 14 days from the date of this order, otherwise, the court will assume that the deadlines are agreeable to all parties.  Unless this order be modified by subsequent order of the court, the provisions herein above set out are binding on the parties.

No objection to the 90-day deadline was filed by either side within the time allowed.

Now, on January 27, 2006, four months after the entry of the Uniform Scheduling Order, counsel for the parties appear to have finally awakened to the fact that the Uniform Scheduling Order set the deadline for the filing of dispositive motions at 90 days before the pretrial hearing, just as the attorneys had been told it would before they filed their Report of Parties Planning Meeting.  No reason is set out for their apparent surprise, for their failure to follow the earlier admonition of the court to make suggested deadlines in accordance with the trial term selected and the standard practice in this district as to the dispositive motion deadline, and for their failure to file a timely objection to the deadline set in the Scheduling Order.  The reason for that standard practice is set out on the court's webpage, www.almd.uscourts.gov, at Frequently Asked Questions #5.

Additionally frustrating to the court is the fact that in their Joint Motion to Amend Uniform Scheduling Order, the attorneys have requested that dispositive motions be made due 90 days before trial, rather than the stated 90 days before pretrial, and have requested that the trial be set in September, 2006, which is not one of the two times specified in the court's September 13, 2005 Rule 26(f) Order, and is not a time when this judge, or any other judge in this district, has a term of court scheduled in the Eastern Division, Opelika, where this case is pending.

It is the responsibility of all attorneys representing clients in this district to be familiar with the rules and practices of this court and to read and follow all orders which are issued. The court will not grant the request contained in the pending motion. The deadlines set in the Uniform Scheduling Order are merely deadlines. The attorneys for the parties have been free since September 27, 2005, to conduct discovery in advance of their requested deadlines if deemed necessary in order to comply with the deadline for filing dispositive motions, and they still are. Noting, however, that today is the last day under the scheduling order for the Plaintiff to file her report from retained experts, the court will extend that date by eight (8) days. After reviewing the court's calendar, which is set a year in advance, it appears that the July Opelika trial term, the pretrial hearing date, and the deadline for dispositive motions can be adjusted likewise without causing problems to other parties or to the court's other previously-scheduled matters. Therefore, it is hereby ORDERED as follows:

    1. The Joint Motion to Amend Uniform Scheduling Order is DENIED.

    2. The Uniform Scheduling Order in this case is hereby AMENDED as follows:

        (a) Section 1 is AMENDED to read as follows:

SECTION 1.  A pretrial hearing in this case is schedule for the 5th day of June, 2006, in Opelika, Alabama, or at such other place and at a time as may be set by later order, and this cause is set for trial during the term of court commencing Tuesday, July 18, 2006, in Opelika, Alabama.

(b) Section 8 is AMENDED to change the deadline for the Plaintiff contained therein from January 30, 2006, to February 7, 2006.

DONE this 30th day of January, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE